McCAIN, Judge.
The petitioner, Vernell Cooper, seeks a writ of certiorari to review an order of a circuit court affirming his conviction by a municipal court for the alleged offense of willfully destroying property to be seized at time of service of a search warrant.
The alleged offense arose under the provisions of Section 27-8.1 of the Code of Ordinances of the City of Fort Lauderdale, which, in pertinent part, reads as follows:
“No person shall willfully destroy, attempt to destroy or dispose of any property or thing to be seized once a search warrant has been served or attempted to be served on such person and until the search has been concluded.
“* * * [Pjroof that such person destroyed or disposed of any property or thing during the attempt to serve the search warrant or prior to the conclusion of the search shall be prima facie evidence that such property or thing was the object of the search to be seized.”
The facts are these. A search warrant, twofold, was issued, namely, to search the person and the automobile of the petitioner to seize gambling paraphernalia, the underlying objects of which were lottery tickets commonly known as “bolita,” which as established by testimony during trial were in existence in the city and written on pieces of paper called a score sheet, small enough to be easily destroyed, approximately four inches long and one inch wide.
Two municipal police officers, after surveillance of the petitioner and with the search warrant in hand, approached the automobile in which the petitioner was seated, advised him of their identity and attempted to serve the warrant. As one of the officers proceeded to open the door, the petitioner crumpled a small piece of white paper in his hand. One officer observed writing to be on the paper. The petitioner then placed the paper in his mouth and began to chew. The officers attempted to prevent destruction of the paper, even to the extent of one officer placing his hands around the petitioner’s neck; however, it was unsuccessful and the petitioner swallowed the paper. The record is, therefore, devoid of any evidence as to what was actually contained on the paper.
The petitioner contends there was no proof that the paper so disposed of was used for gambling, and, therefore, there was no evidence of a willful destruction or attempt to destroy property or a thing to be seized. Accordingly, the petitioner argues that the presumption created by the cited ordinance stands in violation of the rule established in Jefferson v. Sweat, Fla.1954, 76 So.2d 494, holding that one presumption cannot become the basis for a second presumption.
We adhere to the principles of the Jefferson case; however, we find the petitioner’s contentions to be without merit.
The conclusion of the Jefferson case is that there can be no prima facie evidence of guilt unless there is evidence that a crime has been committed, which, under the facts of that case, meant that some evidence of *18 violation of our gambling laws must have been adduced prior to the possession of a gambling stamp becoming prima facie evidence that the possessor of the stamp was guilty.
In the case sub judice, ample evidence existed to establish that “bolita” tickets, in violation of law, were in existence and in circulation within the city. Ergo, issuance of the search warrant which was being served in an attempt to seize lottery tickets identified as being similar to the paper destroyed.
The genesis of the instant charge, however, lies not in the alleged violation of a state gambling law but in the alleged violation of a municipal ordinance prohibiting the destruction of property or things to be seized. Under the ordinance, proof of the destruction then becomes prima facie evidence that such property was the object of the search. Legislation, whether by statute or ordinance, may provide that one fact or set of facts may be presumptive or prima facie evidence of another, thereby shifting the burden of proof, needing only to comply with the rule that there must be a rational connection between the fact proved and the ultimate fact presumed so that the inference of one from proof of the other is not unreasonable and arbitrary. The facts in question meet this test. The presumption created did not take away from the petitioner the presumption of innocence but left it with all other proofs arising from the evidence to rebut the prima facie case made against him. Obviously, to establish the corpus de-licti the paper itself did not have to be produced. Sufficient evidence surrounding this incident existed to sustain the presumption that the paper destroyed was the object of the search.
Accordingly, the petition for writ of cer-tiorari is denied.
WALDEN, C. J., concurs.
BEASLEY, THOMAS D., Associate Judge, dissents.